UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Fabian Rojas, | : | CIVIL ACTION NO.04cv3048 |
| PLAINTIFF(S), | : | HON. MADELINE COX ARLEO U.S.D.J. |
| -vs- | : | |
| | : | **FINAL PRETRIAL ORDER** |
| County of Passaic, Et al., | : | |
| DEFENDANT(S). | : | |

A final pretrial conference having been held before the Honorable Madeline Cox Arleo, U.S.M.J., Jason LeBoeuf, Esq. having appeared for Plaintiff, Fabian Rojas, Neil Chessin, Esq. (Goodman, Galluccio and Chessin) having appeared for Defendants County of Passaic, Passaic County Sheriff's Department, and Jerry Speziale, the following Final Pretrial Order is hereby entered:

1. *JURISDICTION*

    Plaintiff alleges violations of his constitutional and civil rights under Title VII and 42 U.S.C. δ 2000e-2. In the opinion of March 9, 2007 the Honorable Susan D. Wigenton decided that Plaintiff was an at will employee.

    Defendants contend that lack of federal jurisdiction over his federal claims will deprive this Court of jurisdiction over any pendent state law claims and/or over the subject matter and require dismissal.

2. *PENDING/CONTEMPLATED MOTIONS* (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also, set forth the nature of the motion and the return date.

If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position.)

PLAINTIFFS:

1. Plaintiff opposes all motions intended by the defendants.

2. Plaintiff intends to make such motions in limine before and during trial as are appropriate regarding evidentiary motions.

3. Plaintiff intends to file a Motion to Reconsider the Court's decision with regard to Plaintiff's status as an at-will employee.

*[handwritten: no. time-barred.]*

**DEFENDANTS:**

1. Defendants intend to make such motions in limine before and during trial as are appropriate regarding evidentiary matters. Without limitation Defendants intend to make the following in limine motions:

*[handwritten: will Ruse orally at trial.]*

a. Whether Plaintiff may cite a book purporting to be authored by Defendant Speziale, "Without a Badge" and drawing an inference with respect to Defendant's Speziale's alleged prejudice/stereotyping of Mexicans and Colombians.

b. In view of Summary Judgment that Plaintiff was an at will employee, could Plaintiff have a property right in his position of Special Investigator.

*[handwritten: Resolved by summary judgment]*

2. Defendants intend to make such motions before and during trial as are appropriate, including but not limited to motions for Judgment as a matter of law as to the whole or parts of Plaintiffs' claims.

3. ***STIPULATION OF FACTS*** (Set forth in numbered paragraphs all uncontested facts, including all

2

answers to interrogatories and admissions, to which the parties agree.)

1. Plaintiff, Fabian Rojas was employed by the Passaic County Sheriffs Department at the times relevant hereto.

2. The County of Passaic is a lawful body.

3. The Passaic County Sheriff's Department lawfully exists.

4. Defendant Jerry Speziale is and was the duly elected Sheriff of the County of Passaic.

5. Fabian Rojas was appointed to a position as Communications Officer with the Passaic County Sheriff's Office on August 14, 1995 which is a civil service position.

6. Fabian Rojas was appointed to a position as a Sheriff's Investigator with the Passaic County Sheriff's Office by Sheriff Edwin Englehardt pursuant to N.J.S.A. 40A:9-117 on October 17, 1995.

7. Fabian Rojas is a male of Columbian Hispanic descent.

8. Jerry Speziale was elected Sheriff of Passaic County on November 8, 2001 and sworn-in as Sheriff of Passaic County on January 1, 2002.

4. *CONTESTED FACTS* (Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

   A: Plaintiff:

   1. Plaintiff contends all of the facts alleged in his complaint.

   2. Plaintiff contends that on January 18, 2002 he was told to revise his resignation letter because he was being forced to resign in order to get on the RICE list.

   3. Plaintiff contends that the reason he was told he was not being reappointed on January 1,

3

2002 and the reasons offered by the defendants currently were pretexts for the fact that he was being terminated because he was Hispanic.

4. Plaintiff contends that Sheriff Speziale upon taking office on January 1, 2002 made appointments of Hispanics only to Civil Service positions and not to any appointments for non-civil service positions.

5. Plaintiff contends that Sheriff Speziale would not appoint Hispanics to any discretionary appointment over which he had appointing authority.

6. Plaintiff contests the "at-will" nature of his employment under N.J.S.A. 40A:9-117.

7. Plaintiff contends that the only other Hispanic Sheriff's Investigator employed at the time that Sheriff Speziale was elected was terminated in a manner similar to that of the Plaintiff.

8. Plaintiff contends that at the time of his termination he was informed he was being "laid-off" for budgetary reasons.

9. Plaintiff contends that the defendants violated his constitutional rights.

10. Plaintiff contends that Sheriff Jerry Speziale has demonstrated animosity to other Hispanics as well.

B: Defendant:

Defendants contest all of the allegations of Plaintiff's complaint.

1. Upon the election of Jerry Speziale, Plaintiff was advised that he would not be retained as a Sheriff's Investigator as of January 1, 2002. Plaintiff was upset with the fact that he was no longer a Sheriff's Investigator and after seeking medical attention, sought a leave from his employment. Plaintiff filed the appropriate leave of absence papers according to Civil Service requirements and the leave continued up through his termination date.

Case 2:04-cv-03048-SDW-MCA   Document 49   Filed 07/27/07   Page 5 of 10 PageID: 497

2. After Speziale was sworn in as Sheriff on January 1, 2002, Rojas was advised that he could return to his position as a Communications Officer at a reduced salary and on the midnight shift.

3. Plaintiff refused to return to his position of communications officer and instead handed in his resignation. His resignation letter was revised to state the reason was for economy and efficiency as an accommodation to Plaintiff so that he could be added to the RICE list which gives preference to law enforcement persons on other law enforcement employment list.

4. Plaintiff alleges that his termination from the position of Sheriff's Investigator was solely due to his national origin and ethnicity. Also he claims that Defendants conspired to violate his rights under Title VII and that he was constructively discharged from his employment. Defendants maintain that the position of Sheriff's Investigator was an "at will" position serving at the pleasure of the incumbent Sheriff and that he was not reappointed as of January 1, 2002 for this reason.

5. Plaintiff's claims that the Sheriff's Department has a systematic exclusion of Hispanics is disputed by the records which demonstrate that the Sheriff's Department employs many Hispanics as well as other nationalities. Plaintiff attempts to demonstrate that the fact that another Hispanic officer was either terminated or not reinstated is proof of a discriminatory practice. Defendants maintain that Plaintiff has not satisfied the necessary elements.

6. Plaintiff cannot establish the necessary elements of Title VII. Disparate treatment under the statute requires that Plaintiff demonstrate that the application of a facially neutral standard has resulted in a significantly discriminatory hiring pattern.

7. Plaintiff fails to prove an entitlement to the position of Sheriff's Investigator. Any loss of income suffered by the Plaintiff was due

5

solely to his own action or inaction. Plaintiff consciously and deliberately failed to return to his employment as communications officer.

8. Plaintiff has failed to demonstrate through any evidence that the individual Defendants participated in or engaged in conduct to violate his rights.

5. **WITNESSES** (Aside from those called for impeachment purposes, only the witnesses set forth may testify at trial. No summary of testimony is necessary.)

Fabian Rojas
Jerry Speziale
Felix Garcia
George Rosario
Pedro Cancel
Luis Camacho
Robert Marfil
Julio Lopez [w/ objection]
Edward Dombrowski
William Cullen
William Haywood
Charles Meyers
Tinari Associates (Plaintiff's expert witness)
Kay Walcot Henderson or representative from New Jersey Department of Civil Service
Representative of Irvington Police Department
Internal Affairs Department
Representative of Passaic County Department of Personnel Records

6. **NOTE: LAY OPINIONS** (Counsel's attention is directed to the case of Teen-Ed, Inc. v. Kimball intern, Inc., 620 F. 2d 399 (3rd Cir. 1990) and Asplaundh Mfg. Div. Benton Harbor Engineering, 57 F. 3d 1190 (3rd Cir. 1995). Admissions of opinion testimony under Federal rule 701 of a kind discussed in the Teen-Ed, Inc. and Asplaundh Mfg. Div. Are required to be identified in this Pre-Trial Order. No lay witness whose testimony is in the form of an opinion qualifying under Federal Rule of Evidence 701 and permitted to testify at trial unless listed below with a summary of the proposed opinion attached hereto.)

A. Plaintiff:

Fabian Rojas, as to his understanding of the function of a RICE list. [no obj]

6

B. Defendant:

Jerry Speziale, as to the nature and authority of appointments under N.J.S.A. 40A:9-117, and to his understanding of the function of a RICE list.

7. **EXPERT WITNESSES** (No expert shall be permitted to testify at trial unless identified below and unless a summary of his qualification* and a copy of his report is attached hereto. The summary shall be read into the record at the time he takes the stand, and opposing counsel shall not be permitted to question his expert qualifications unless the basis or objection is set forth herein.)

A. Plaintiff:  Tinari Associates, economic losses

B. Defendant:  None

8. **DEPOSITIONS** (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated. Deposition testimony to be used solely for impeachment purposes need not be listed.)

A. Plaintiff:

B. Defendant:

9. **EXHIBITS** (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. All parties hereby agree that, unless set forth herein, objections to authenticity are deemed waived.)

A. Plaintiff:    SEE ATTACHED EXHIBIT LIST.

B. Defendant:    SEE ATTACHED EXHIBIT LIST.

10. *SINGLE LIST OF LEGAL ISSUES* (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)

   1. Whether Plaintiff has failed to state a claim upon which relief may be granted in Federal Court.

   2. Whether Plaintiff has failed to prove a deprivation of any right, privilege or immunity secured by the US Constitution or any Act of Congress.

   3. Whether Defendants breached any duty owed to Plaintiff and knowingly violate Plaintiff's constitutional rights.

   4. Whether Plaintiff has failed to satisfy the burden of proof regarding each element of a Title VII claim.

   5. Whether Plaintiff has failed to prove disparate treatment regarding any action or actions of the Defendants.

   6. Whether Plaintiff had a property right in his Sheriff's Investigator position.

   7. Whether Defendants denied Plaintiff's due process rights regarding a property interest in his employment.

   8. Whether Plaintiff has failed to establish damage to health, income, career or reputation.

   9. Whether Plaintiff has sustained any monetary damages.

   10. What damages Plaintiff is entitled to (i.e. compensatory, punitive, attorney's fees, etc.)

   11. Whether an appointment under N.J.S.A. 40A:9-117 is an at-will appointment.

11. *MISCELLANEOUS* (Set forth any matters which require action or should be brought to the attention of the Court.)

8

12. *TRIAL COUNSEL* (List the names of trial counsel for all parties.)

   Plaintiff, Fabian Rojas:  Jason LeBoeuf, Esq.

   Defendant, County of Passaic, Passaic County Sheriff's Department, Jerry Speziale:  Neil Chessin, Esq. and Carmen Cortes-Sykes (Goodman Galluccio and Chessin)

13. *JURY TRIALS*

   Forty-eight (48) hours prior to the final pretrial conference or as directed by the Magistrate

   A. Each party shall submit to the Court and to opposing counsel a trial brief in accordance with L. Civ. R. 7.2 (b) (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE. FAILURE TO BRIEF ANY ISSUE, INCLUDING AN EVIDENTIARY ISSUE, WHICH SHOULD HAVE BEEN ANTICIPATED, WILL BE DEEMED TO BE A WAIVER OF SUCH ISSUE. In the event a brief is not submitted timely, the delinquent party's pleading may be, stricken, or other sanctions imposed.

   [handwritten: Submit by Sept 15-07]

   B. Each party shall submit to the Court and to opposing counsel any hypothetical questions to be put to an expert witness on direct examination. [crossed out]

14. *JURY INSTRUCTIONS VOIR DIRE, NEUTRAL STATEMENT OF THE CASE AND VERDICT SHEET.*

15.   *NON-JURY TRIALS*:  N/A

16.   *BIFURCATION*:  N/A

9

17. **ESTIMATED LENGTH OF TRIAL:**
    4 days for liability and 2 days for damages.

18. **TRIAL DATE:** _to be set_

AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON IT OWN MOTION OR AT THE REQUEST OF COUNSEL.

/s/ Jason LeBoeuf
Jason LeBoeuf, Esq. by Cameron Crafti Sykes as per Jason LeBoeuf
Attorney for Fabian Rojas

Neil Chessin, Esq.
Attorney for Defendants,
County or Passaic,
Sheriff's Department,
And Jerry Speziale

M Cax Arleo USMJ
July 25-07

10