## 1.1 Preliminary Instructions — Introduction; Role of Jury

### Model

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

### Comment

This instruction is derived from the Bench Book for United States District Court Judges (Federal Judicial Center), and tracks similar pattern instructions in the First Circuit (Criminal 1.01), Fifth Circuit (1.04), and Eleventh Circuit (2.1). For other versions of this instruction, see Sixth Circuit (Criminal) 1.02; Eighth Circuit 1.01.

The instruction can be modified to be given at the end of the case when the court is about to give final instructions on the applicable law. *See, e.g.*, Seventh Circuit (Criminal) 1.01:

> Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. [You should not be influenced by any person's race, color, religion, national ancestry, or sex.] Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

3

See also Ninth Circuit 3.1 (instruction on duty of jurors given at the end of the presentation of evidence).

4

**1.2 Preliminary Instructions — Description of Case; Summary of Applicable Law**

Model

In this case, Fabian Rojas claims that he was terminated from his employment with the Passaic County Sheriff's Department for reasons of national origin discrimination. The County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale denies those claims. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Mr. Rojas must prove to make his case:

Comment

Referring to the parties by their names, rather than solely as "Plaintiff" and "Defendant," can improve jurors' comprehension. In these instructions, bracketed references to "Fabian Rojas" or "the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale" indicate places where the name of the party should be inserted.

This instruction is derived from the pattern instruction used by United States District Courts in Camden. It is similar to pattern instructions in the Eighth Circuit (1.1) and the Ninth Circuit (1.2).

This preliminary instruction concerning the elements in the case can be used together with the applicable substantive instruction for a particular cause of action. It is not necessary at the outset, however, to give a detailed instruction as to the applicable elements, especially in a complex case. But a brief description of the claims, defenses and counterclaims, if any, is likely to aid jury comprehension.

This instruction can be modified to be given at the beginning of voir dire, or in light of what was given at the beginning of voir dire.

1    **1.3   Preliminary Instructions — Conduct of the Jury**

2    **Model**

3    Now, a few words about your conduct as jurors.

4    First, I instruct you that during the trial and until you have heard all of the evidence and
5    retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among
6    yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to
7    my attention promptly. There are good reasons for this ban on discussions, the most important being
8    the need for you to keep an open mind throughout the presentation of evidence.

9    If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the
10   elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.
11   [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be
12   approached in any way.]

13   Second, do not read or listen to anything related to this case that is not admitted into
14   evidence. By that I mean, if there is a newspaper article or radio or television report relating to this
15   case, do not read the article or watch or listen to the report. In addition, do not try to do any
16   independent research or investigation on your own on matters relating to the case or this type of case.
17   Do not do any research on the internet, for example. You are to decide the case upon the evidence
18   presented at trial.

19   Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is
20   in. Keep an open mind until you start your deliberations at the end of the case.

21   [Finally, if any member of the jury has a friend or family member who is in attendance at this
22   public trial, that visitor must first register with my Clerk because special rules will govern their
23   attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the
24   visitor to discuss it with you.]

25   **Comment**

26   This instruction is adapted from the pattern instruction used by United States District Courts
27   in Delaware. For variations on this instruction, see First Circuit (Criminal) 1.07; Eighth Circuit
28   1.05; Ninth Circuit 1.9. See also Montana 1.4 (concluding the instruction with a warning that
29   "[f]ailure to observe these precautions might require the retrial of this case, which would result in

1  a long delay, considerable expense to the courts and the parties and a waste of your time and
2  effort.").

3  The court should give this instruction on jury conduct after the jurors are sworn and before
4  opening statements. Depending on the circumstances, it may be useful to give this instruction, or
5  some part of it, during the trial as well. *See* Wright & Miller, *Federal Practice and Procedure* § 486
6  (suggesting that there may be occasion during the trial and at the close of the evidence to remind the
7  jury about how it should conduct itself).

8  The Committee considered whether to delete the instruction that jurors are not to talk among
9  themselves about the case until deliberations. The Committee notes that Arizona permits pre-
10 deliberation discussions among jurors. But the Third Circuit has declared as follows:

11  "It is fundamental that every litigant who is entitled to trial by jury is entitled to an impartial
12  jury, free to the furthest extent practicable from extraneous influences that may subvert the
13  fact-finding process." *Waldorf v. Shuta*, 3 F.3d 705, 709 (3d Cir. 1993). Partly to ensure that
14  this right is upheld, "it [has been] a generally accepted principle of trial administration that
15  jurors must not engage in discussions of a case before they have heard both the evidence and
16  the court's legal instructions and have begun formally deliberating as a collective body."
17  [United States v.] *Resko*, 3 F.3d [684] at 688 [(3d Cir. 1993).

18  *United States v. Bertoli*, 40 F.3d 1384, 1393 (3d Cir. 1994).

19  Premature deliberations present a number of concerns, the most important being that jurors
20  who discuss the case among themselves may harden their positions before all of the evidence is
21  presented and the jury is instructed. Moreover, "[o]nce a juror has expressed views on a particular
22  issue, that juror has a 'stake' in the expressed views and may give undue weight to additional
23  evidence that supports, rather than undercuts, his or her view." *Id.* The Committee therefore
24  concluded that the court should instruct the jurors to refrain from discussing the case among
25  themselves before deliberations.

## 1.4   Preliminary Instructions — Bench Conferences

**Model**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Comment**

This instruction is derived from First Circuit (Criminal) 1.05; 8th Circuit 1.03; and Ninth Circuit 2.2. For a shortened version of this instruction, see Fifth Circuit 2.7:

> At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

| | |
|---|---|
| 1 | **1.5   Preliminary Instructions — Evidence** |
| 2 | |
| 3 | **Model** |
| 4 | The evidence from which you are to find the facts consists of the following: |
| 5 | 1. The testimony of the witnesses; |
| 6 | 2. Documents and other things received as exhibits; |
| 7 | 3. Any facts that are stipulated--that is, formally agreed to by the parties; and |
| 8 | [4. Any facts that are judicially noticed--that is, facts I say you must accept as true even |
| 9 | without other evidence.] |
| 10 | The following things are not evidence: |
| 11 | 1. Statements, arguments, and questions of the lawyers for the parties in this case; |
| 12 | 2. Objections by lawyers. |
| 13 | 3. Any testimony I tell you to disregard; and |
| 14 | 4. Anything you may see or hear about this case outside the courtroom. |
| 15 | You must make your decision based only on the evidence that you see and hear in court.  Do |
| 16 | not let rumors, suspicions, or anything else that you may see or hear outside of court influence your |
| 17 | decision in any way. |
| 18 | You should use your common sense in weighing the evidence.  Consider it in light of your |
| 19 | everyday experience with people and events, and give it whatever weight you believe it deserves. |
| 20 | If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to |
| 21 | reach that conclusion. |
| 22 | There are rules that control what can be received into evidence. When a lawyer asks a |
| 23 | question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not |
| 24 | permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is |
| 25 | requesting that I make a decision on a particular rule of evidence. You should not be influenced by |
| 26 | the fact that an objection is made. Objections to questions are not evidence. Lawyers have an |
| 27 | obligation to their clients to make objections when they believe that evidence being offered is |
| 28 | improper under the rules of evidence.  You should not be influenced by the objection or by the |
| 29 | court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the |
| 30 | answer like any other. If you are instructed that some item of evidence is received for a limited |
| 31 | purpose only, you must follow that instruction. |
| 32 | Also, certain testimony or other evidence may be ordered struck from the record and you will |
| 33 | be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets |
| 34 | struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might |

1    have shown.

2    **Comment**

3

4    This instruction is derived from the Bench Book for United States District Judges (Instruction
5    1); First Circuit (Criminal) 1.05; Eighth Circuit 1.02; and Ninth Circuit 1.4. The third and fourth
6    paragraphs of the instruction are specifically derived from the instruction used by District Judges in
7    Delaware.

8

9    This instruction is to be given at the outset of the case, as well as, or in place of, an
10   instruction at the end of the case. The instruction can be given at the end of the case simply by
11   changing the verbs to the past tense.

## 1.6   Preliminary Instructions – Direct and Circumstantial Evidence

### Model

*Option 1:*

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

*Option 2:*

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

### Comment

Option 1 is derived from Fifth Circuit (Criminal) 1.07 (Alternative A). It can be used by those judges who do not wish to say anything about the distinction between direct and circumstantial evidence, but yet might be concerned that jurors would have preconceived notions about these terms.

Option 2 is derived from Ninth Circuit 3.6. The instruction does not attempt to provide a definition of "direct" evidence. The definitions given in some instructions simply repeat the word "direct". Other instructions on direct evidence are underinclusive, as they refer only to witness

11

1     testimony, whereas an exhibit can be direct evidence of a fact. The example given in the instruction
2     should be sufficient to give jurors a clear idea of "direct" evidence.

## 1.7 Preliminary Instructions — Credibility of Witnesses

**Model**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
(2) the quality of the witness's understanding and memory;
(3) the witness's manner while testifying;
(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.]

**Comment**

This instruction is derived from First Circuit (Criminal) 1.06 and Ninth Circuit 1.8. For variations, see Sixth Circuit (Criminal) 1.07; Seventh Circuit (Criminal) 1.03.

This instruction can be given both at the beginning of the case and at the close of the evidence. For an example of an instruction given at the end of the case, see Eighth Circuit 3.03.

The bracketed material at the end of the instruction may be given usefully at the end of a case in which witnesses on one side outnumber the other. *See* Instruction #3.2 (Number of Witnesses).

## 1.8   Preliminary Instructions — Jury Questions for Witnesses

**Model**

*Option 1:*

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

*Option 2:*

You will have the opportunity to ask questions of the witnesses in writing. When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.

If so, you will write your question on a piece of paper, and hand it to my Deputy Clerk. Do not discuss your question with any other juror. I will review your question with counsel at sidebar and determine whether the question is appropriate under the rules of evidence. If so, I will ask your question, though I might put it in my own words. If the question is not permitted by the rules of evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked. Following your questions, if any, the attorneys may ask additional questions. If I do ask your question you should not give the answer to it any greater weight than you would give to any other testimony.

**Comment**

The trial judge has discretion to permit or to disallow questions from the jury. Option 1 is for judges who want explicitly to disallow jury questions. See Ninth Circuit 1.15 (comment) (recommending that no questions by jurors be permitted). Option 2 (derived from the instruction given by District Judges in Camden) is for judges who want to tell jurors explicitly that they may submit questions to be asked of witnesses. Some judges, however, may not want to give an explicit instruction allowing or disallowing jury questions, but may wish instead to wait and see if jurors inquire about asking questions, and then rule on whether to allow questions.

In *United States v. Hernandez*, 176 F.3d 719, 723 (3d Cir. 1999), the Third Circuit "approved

14

of the practice [of permitting juror questions] so long as it is done in a manner that insures the fairness of the proceedings, the primacy of the court's stewardship, and the rights of the accused." The court in *Hernandez* also held that, if the trial judge allows jury questions, the court should follow a procedure for questions to prevent jury misconduct. *Id.* at 726 (warning that "the judge should ask any juror-generated questions, and he or she should do so only after allowing attorneys to raise any objection out of the hearing of the jury"). The court also noted that "properly structured juror questioning in a civil trial poses even fewer" risks than in a criminal trial. *Id.*

The Third Circuit recognized in *Hernandez* that there are arguments for and against allowing jurors to submit questions for witnesses. The best argument in favor of jury questioning is that it helps jurors clarify factual confusions and understand as much of the facts and issues as possible so that they can reach an appropriate verdict. On the other hand, allowing jurors to ask questions may risk turning them into advocates and compromising their neutrality. *See United States v. Bush*, 47 F.3d 511 (2d Cir. 1995). In this regard, it is not appropriate to allow jurors to ask questions that appear to suggest a view about the merits of the case.

15

## 1.9 Preliminary Instructions — Note-Taking By Jurors

*Option 1:*

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2. <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Noted are not to be used in place of the evidence.

4. <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

1    it has discretion to do so by providing a transcript.

18

1   *Option 2:*

2   As you see, we have a court reporter here who will be transcribing the testimony during the
3   course of the trial. But you should not assume that the transcripts will be available for your review
4   during your deliberations. You must pay close attention to the testimony as it is given.

5   You may not take notes during the course of the trial. There are several reasons for this. It
6   is difficult to take notes and, at the same time, pay attention to what a witness is saying and the
7   witness's manner while testifying. One of the reasons for having a number of persons on the Jury
8   is to gain the advantage of your individual and collective memories so that you can then deliberate
9   together at the end of the trial and reach agreement on the facts. While some of you might feel
10  comfortable taking notes, other members of the Jury may not feel as comfortable and may not wish
11  to do so. Notes might be given too much weight over memories, especially the memories of those
12  who do not take notes. So, for those reasons, I ask that you not take notes during the trial.

13  **Comment**

14  Option 1 is derived from the instruction used by District Courts in Delaware. Slight variations
15  are found in First Circuit (Criminal) 1.08 and Eleventh Circuit (Criminal) 3.1. For other variations,
16  see Fifth Circuit 2.21 and Eighth Circuit 1.04.

17  Option 2 is derived from Eleventh Circuit (Criminal) 3.2. For a slight variation, see Fifth
18  Circuit (Criminal) 1.02.

19  In *United States v. Maclean,* 578 F.2d 64 (3d Cir. 1978), the court held that the trial judge
20  has discretion to allow jurors to take notes. It stated that if note-taking is permitted, jurors must be
21  instructed that the notes are only aids to memory, that they are not conclusive, and they are not to
22  be given precedence over a juror's independent recollection of the facts. *See also* American Bar
23  Association, Civil Trial Practice Standards (1998) (court ordinarily should permit jurors to take
24  notes, but should also give a cautionary instruction that notetaking is not required and that notes are
25  not to be used in place of the evidence).

26  The instruction notes that the jurors should not assume that a transcript of testimony will be
27  available to them during deliberations. It does not say absolutely that transcripts will not be provided.
28  This instruction is in accordance with *United States v. Bertoli,* 40 F.3d 1384 (3d Cir. 1994), where
29  the court held that when the trial court decides to provide testimony to the jury during deliberations,

17