**1.10 Preliminary Instructions — Preponderance of the Evidence**

**Model**

This is a civil case. Fabian Rojas is the party who brought this lawsuit. The County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale are the parties against whom the lawsuit was filed. Fabian Rojas has the burden of proving his case by what is called the preponderance of the evidence. That means Fabian Rojas has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Fabian Rojas and the evidence favorable to the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale on opposite sides of the scales, Fabian Rojas would have to make the scales tip somewhat on his side. If Fabian Rojas fails to meet this burden, the verdict must be for the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[On certain issues, called affirmative defenses, the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale have succeeded in proving that the required facts are more likely so than not so.]

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Comment**

This instruction is derived from the following sources: pattern instruction used by District Judges in Camden; pattern instruction used by District Judges in Delaware; Fifth Circuit 3.1 (second paragraph); and Eighth Circuit 3.04.

It is advisable to give this instruction at both the beginning of the case and at the close of the evidence.

It is important that the jury be made aware that the preponderance standard requires an analysis and weighing of all of the evidence presented by both sides. *See* United States v. Montague, 40 F.3d 1251, 1254–55 (D.C. Cir. 1994):

Often, under a preponderance-of-the-evidence standard, it is assumed that the trier of fact piles up the evidence arguably on the defendant's side and determines which pile is greater …. In fact, a more accurate notion of the preponderance-of-the-evidence standard is evidence which as a whole shows that the fact sought to be proved is more probable than not.

**1.12 Preliminary Instructions — Description of Trial Proceedings**

**Model**

The trial will proceed in the following manner:

First, attorney(s) for Fabian Rojas will make an opening statement to you. Next, attorney(s) for the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. [A party is not required to make an opening statement.]

After [Before] the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

Fabian Rojas goes first because he has the burden of proof. Fabian Rojas will present witnesses whom counsel for the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale may cross-examine, and Fabian Rojas may also present evidence. Following Fabian Rojas' case, the County of Passaic, the Passaic County Sheriff's Department and Jerry Speziale may present evidence. Counsel for Fabian Rojas may cross-examine witnesses for the defense. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, [I will instruct you on the law and then] the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.] After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**Comment**

This instruction is derived from Fifth Circuit 1.1; Eighth Circuit 1.06; and Ninth Circuit 1.12.

Bracketed material allows options to the court on when to give instructions on the law. It is recommended that instructions on the law be given at various points in the trial in order to aid jury comprehension.

1    **2.1   General Instructions For Use During Trial — Impeachment of Witness's**
2    **Character for Truthfulness**

3    **Model**

4         You [are about to hear] [have heard] evidence that [name of witness], a witness,  [e.g., has
5    been convicted of a felony, committed forgery on a prior occasion, etc.]. You may use that evidence
6    only to help you decide whether to believe the testimony of the witness and to determine how much
7    weight to give it. That evidence does not mean that the witness engaged in any conduct alleged in
8    this case, and you must not use that evidence as any proof that the witness engaged in that conduct

9    **Comment**

10        This instruction is derived from Ninth Circuit 3.12 and Eighth Circuit 2.09. For variations,
11   see Fifth Circuit 2.17 (covering prior convictions only).

12        The bracketed alternative allows this instruction to be given not only at the time of testimony
13   but also at the close of the evidence. The instruction is intended to cover the admission of bad acts
14   and convictions under Federal Rules of Evidence 608 and 609.

23

1    **2.2    General Instructions For Use During Trial  — Judicial Notice**

2    **Model**

3           The rules of evidence permit the judge to accept facts that cannot reasonably be disputed.
4    This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the
5    court has judicially noticed], even though no evidence has been introduced to prove this fact.  You
6    must accept this fact as true for purposes of this case.

7    **Comment**

8           The instruction is derived from Ninth Circuit 2.5. For variations, see Fifth Circuit 2.4 and
9    Eighth Circuit 2.04.

10          An instruction on judicial notice should be given at the time that notice is taken. It may also
11   be given at the time the jury is charged at the close of the evidence.

12          Fed.R.Evid. 201(g) provides that in a civil case, "the court shall instruct the jury to accept
13   as conclusive any fact judicially noticed." In contrast, in a criminal case, the jury must be instructed
14   that "it may, but is not required to, accept as conclusive any fact judicially noticed." *Id.*

24

1    **2.4   General Instructions For Use During Trial  — Stipulation of Fact**

2    **Model**

3         The [parties] have agreed that  [set forth stipulated fact or facts]  [is/are] true. [The parties
4    have stipulated that certain facts are true, and those stipulations have been read to you during this
5    trial.] You must therefore treat [this fact] [these facts] as having been proved for the purposes of this
6    case.

7    **Comment**

8         The instruction is derived from Fifth Circuit 2.3 and Eighth Circuit 2.03. For a variation, see
9    Ninth Circuit 2.4 (using "should" rather than "must").  The bracketed material concerning stipulated
10   facts previously read to the jury can be used when the stipulations are too numerous to recount.

11        This instruction could be applied to matters admitted by way of pleading or a request for
12   admission, as well as to facts stipulated during the trial. If a stipulation or admission is as to a matter
13   of fact, the jury is to be instructed that it must consider the fact as true. *Compare* Instruction  2.3
14   (stipulation as to what testimony would be if given).

26

1    **2.3  General Instructions For Use During Trial — Stipulation of Testimony**

2    **Model**

3        The parties have agreed that if [witness's name] were called as a witness, [he/she] would
4    testify that [state the stipulated testimony]. This testimony is entitled to the same consideration and
5    is to be judged, insofar as possible, in the same way as if [name of witness] had been present to
6    testify. You must accept the fact that [name of witness] would have given that testimony.  However,
7    it is for you to determine the effect or weight to be given to that testimony.

8    **Comment**

9        The instruction is derived from Fifth Circuit 2.2, Eighth Circuit 2.02, and Ninth Circuit 2.3.
10    The last two sentences are derived from New Mexico Criminal Instruction § 14-113.

11        When the stipulation is to what a witness would testify to if called, it is error to instruct the
12    jury that it is to consider the stipulated testimony as true. *United States v. Benally,* 756 F.2d 773
13    (10th Cir. 1985). See Instruction 2.4 if the stipulation is as to an issue of fact.

25

1    **2.5    General Instructions For Use During Trial  — Use of Deposition**

2    **Model**

3         A deposition is the sworn testimony of a witness taken before trial. The witness is placed
4    under oath and swears to tell the truth, and lawyers for each party may ask questions. A court
5    reporter is present and records the questions and answers.

6         The deposition of [name of witness], which was taken on [date], is about to be [has been]
7    presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same
8    consideration and is to be judged, insofar as possible, in the same way as if the witness had been
9    present to testify.

10        [Do not place any significance on the behavior or tone of voice of any person reading the
11   questions or answers.]

12   **Comment**

13        The instruction is derived from Ninth Circuit 2.6. For a variation, see Fifth Circuit 2.23.

14        This instruction should be given when deposition testimony is admissible and offered as
15   substantive evidence. *See* Fed.R.Evid. 804(b)(1), 801(d)(2); Fed.R.Civ.P. 32(a)(3). It should be given
16   before the testimony is read to the jury.  The instruction can be modified to be given at the beginning
17   of the trial, as well as when the evidence is presented.

18        This instruction is not appropriate if answers are being used for impeachment only.

19        If more than one deposition is read into evidence or otherwise presented during the trial, the
20   jury may be reminded of how depositions are taken. But it is not necessary to repeat the entire
21   instruction.

27

1    **2.6    General Instructions For Use During Trial — Use of Interrogatories**

2    **Model**

3        You will now hear [have heard]  answers that [name of party] gave in response to written
4    questions submitted by the other side.  The written questions are called "interrogatories." The written
5    answers were given in writing and under oath, before the trial.

6        You must consider [name of party]'s answers to interrogatories in the same manner as if the
7    answers were made from the witness stand.

8    **Comment**

9        The instruction is derived from Ninth Circuit 2.13.

10       This instruction should be used before the interrogatories are read to the jury. It can be
11    modified to be given again at the close of the evidence. The instruction is not appropriate if the
12    answers to the interrogatories are used for impeachment only. *See* Fed.R.Civ.P. 33.

13       This instruction should not be used for requests for admission under Fed.R.Civ.P. 36. The
14    effect of a request for admission is conclusive as to the fact admitted.

28

1  **2.7   General Instructions For Use During Trial — Charts and Summaries in**
2  **Evidence**

3
4  **Model**

5       [Name of party] has presented exhibits in the form of charts and summaries. I decided to
6  admit these charts and summaries in place of the underlying documents that they represent in order
7  to save time and avoid unnecessary inconvenience. You should consider these charts and summaries
8  as you would any other evidence.

9  **Comment**

10      The instruction is derived from Sand et al., *Modern Federal Jury Instructions*, No. 74-11
11  (2004).  For a variation, see Ninth Circuit 2.10 ("Charts and summaries are only as good as the
12  underlying evidence that supports them. You should, therefore, give them only such weight as you
13  think the underlying evidence deserves.").

14      The Eighth Circuit Committee "recommends that no instruction be given because it is now
15  clear that under Fed. R. Evid. 1006 the summary is itself evidence." Judge Sand remarks that the
16  Eighth Circuit's recommendation should not be followed "because it fails to address the fact that
17  charts and summaries are powerful visual displays for which some judicial explanation is required.
18  Such an instruction will ensure that they are not given improper consideration by the jury." Sand et
19  al., *Modern Federal Jury Instructions* § 74-11 (2004). *Compare* Instruction 2.8 (providing a limiting
20  instruction when charts and summaries are not evidence).

1    **2.8   General Instructions For Use During Trial — Charts and Summaries Not**
2    **Admitted in Evidence**
3

4    **Model**

5         Certain charts and summaries that have not been received in evidence have been shown to
6    you in order to help explain or illustrate the contents of books, records, documents, testimony, or
7    other evidence in the case. [Describe the charts and summaries that have not been admitted.]  These
8    charts and summaries are not themselves proof of any facts. They are not binding on you in any way.
9    If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these
10   charts and summaries and determine the facts from the evidence.

11   **Comment**

12        The instruction is derived from Ninth Circuit 3.9.

13        This instruction is applicable to pedagogical devices and illustrations. Use of this material
14   is governed by Rule 611(a)  of the Federal Rules of Evidence, and not by Rule 1006 (which applies
15   to summaries of admissible evidence where that evidence is too voluminous to be examined
16   conveniently in court). *See United States v. DeBoer,* 966 F.2d 1066, 1069 (6th Cir. 1992) (summaries
17   of already admitted evidence are permissible "so long as an appropriate limiting instruction informs
18   the jury that the summary is not itself evidence but is only an aid in evaluating the evidence"). If a
19   chart or summary is used only to illustrate or explain evidence already admitted, then it is not itself
20   evidence, and it may not be sent to the jury room.

21        It is suggested that this instruction be given both at the time the summary is used and at the
22   end of the case. *See, e.g., United States v. Ray,* 370 F.3d 1039, 1047 n.8 (10th Cir. 2004)(suggesting
23   that the court repeat the limiting instruction "in writing at the trial's conclusion").

1    **2.9   General Instructions For Use During Trial — Striking Evidence**

2

3    **Model**

4

5           I have ordered that [describe the evidence] be struck from the record and I am instructing you

6    that you must disregard that information [testimony].  That means that when you are deciding the

7    case, you must not consider that information [testimony] in any way.

8    **Comment**

9           The instruction is derived from Ninth Circuit 1.7. It can also be altered to be given as part

10   of a general instruction on evidence at the beginning of the case. *See* Instruction 1.5. The instruction

11   is to be given when the evidence is struck, and not at the end of the case, as it could be

12   counterproductive to describe the evidence that has been struck at that later point.

31

1  **2.10   General Instructions For Use During Trial — Evidence Admitted for a**
2  **Limited Purpose**

3  **Model**

4   You [have heard] [will now hear] evidence that was received for [a] particular limited
5  purpose[s]. [This evidence can be considered by you as evidence that (describe limited purpose)].
6  It may not be used for any other purpose. [For example, you cannot use it as proof that (discuss
7  specific prohibited purpose)].

8  **Comment**

9   The instruction is derived from Fifth Circuit 2.15, Eighth Circuit 2.08B, and Ninth Circuit
10  1.5.

11   This instruction can be modified slightly to be given again at the close of the evidence. It is
12  preferable to give a limited use instruction at the time the evidence is introduced and also at the close
13  of the evidence; but in the end the timing of a limiting use instruction is a matter of trial court
14  discretion. *See, e.g., Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,* 630 F.2d 250 (5th Cir.
15  1980) (although generally more effective at the time the evidence is presented, the court did not
16  abuse its discretion by giving the instruction only as part of the final instructions to the jury).

17   The Third Circuit has expressed a preference for an instruction that  tells the jury both how
18  the evidence can be used and how it must not be used. *See United States v. Mujahid,* 990 F.2d 111
19  (3d Cir. 1990) (trial judge should tell the jury that a guilty plea of a coconspirator can be used for
20  impeachment of the coconspirator but cannot be used as proof of the defendant's guilt).

21   This instruction can be used in multiple party cases where evidence is admissible against one
22  party but not another (e.g., a statement by an agent that is admissible against the agent but not the
23  principal).

24   *See* Instruction 1.5, including a reference to limited use instructions as part of a general
25  instruction on evidence to be given at the beginning of the case.

32

1    **2.11    General Instructions For Use During Trial — Opinion Testimony**

2    **Model**

3        You have heard [will hear] testimony containing opinions from [name of witness].  In
4    weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her]
5    opinions, and the reliability of the information supporting those opinions, as well as the factors I
6    have previously mentioned for weighing the testimony of any other witness.  The opinion of [name
7    of witness] should receive whatever weight and credit, if any, you think appropriate, given all the
8    other evidence in the case.

9        In deciding whether to accept or rely upon the opinion of [name of witness], you may
10   consider any bias that [name of witness] may have, including any bias that may arise from evidence
11   that [name of witness] has been or will be paid for reviewing the case and testifying [or from
12   evidence that [name of witness]  testifies regularly and makes a large portion of [his/her] income
13   from testifying in court].

14   **Comment**

15       This instruction is derived from Fifth Circuit 2.19 and Ninth Circuit 3.7. For a variation, see
16   Eleventh Circuit 5.2 (adding: "When a witness has been or will be paid for reviewing and testifying
17   concerning the evidence, you may consider the possibility of bias and should view with caution the
18   testimony of such a witness where court testimony is given with regularity and represents a
19   significant portion of the witness' income.").

20       The instruction avoids labeling the witness as an "expert." If the court refrains from
21   designating the witness as an "expert" this will "ensure[] that trial courts do not inadvertently put
22   their stamp of authority" on a witness' opinion, and will protect against the jury's being
23   "overwhelmed by the so-called 'experts'." Hon. Charles Richey, *Proposals to Eliminate the*
24   *Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules of Evidence in Criminal*
25   *and Civil Jury Trials,* 154 F.R.D. 537, 559 (1994). *See*  Advisory Committee Note to Federal Rule
26   of Evidence 702 (2000) (cautioning against instructing the jury that the witness is an "expert").

27       The bracketed material can be used to give the instruction before the expert testifies. For
28   example, the instruction could be given as part of the initial instruction on matters of evidence. *See*
29   Instructions 1.5—1.7.

33

1    **2.12     General Instructions For Use During Trial — Foreign Language**
2    **Testimony or Tape Recording**


3    **Model**

4          You are about to hear [testimony of a witness who will be testifying in] [a tape recording in]
5    [language used]. The evidence you are to consider is only that provided through the official court
6    [interpreters] [translators]. Although some of you may know the  language used, it is important that
7    all jurors consider the same evidence. So you must base your decision on the evidence presented in
8    the English [interpretation] [translation]. You must disregard any different meaning.

9          [In this case there is a dispute over the translation of certain statements in a foreign language.
10   It is for you to determine which, if either, translation is accurate.]


11   **Comment**

12         The Ninth Circuit has separate instructions for foreign language testimony and foreign
13   language recordings. The model combines them and provides alternatives in brackets. See Ninth
14   Circuit 2.8 and 2.9.

15         The instruction concerning tape recordings is appropriate only if the accuracy of the
16   translation is not at issue. *See also* Instruction 2.13 on transcriptions of tape recordings.

34

1    **2.13    General Instructions For Use During Trial —  Transcript of Tape-**
2    **Recorded Conversation**

3    **Model**

4        At this time you are going hear conversations that were recorded. This is proper evidence for
5    you to consider. Please listen to it very carefully.  I am going to allow you to have a transcript of the
6    recording [prepared by _____] to help you identify speakers and as a guide to help you listen
7    to the tape.  If you believe at any point that the transcript says something different from what you
8    hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a
9    variation between the tape and the transcript, you must be guided solely by what you hear on the tape
10   and not by what you see in the transcript.

11       [In this case there are two transcripts because there is a difference of opinion as to what is
12   said on the tape. You may disregard any portion of either or both transcripts if you believe they
13   reflect something different from what you hear on the tape. It is what you hear on the tape that is
14   evidence, not the transcripts.]

15   **Comment**

16       The instruction is derived from Ninth Circuit 2.7.

17       This instruction can be modified to be given sometime after the tape is heard, e.g., at the
18   close of the case. See  Sixth Circuit (Criminal) § 7.17:

19           You have heard some tape recordings that were received in evidence, and you were given
20           some written transcripts of the tapes.  Keep in mind that the transcripts are not evidence.
21           They were given to you only as a guide to help you follow what was being said. The tapes
22           themselves are the evidence. If you noticed any differences between what you heard on the
23           tapes and what you read in the transcripts, you must rely on what you heard, not what you
24           read. And if you could not hear or understand certain parts of the tapes, you must ignore the
25           transcripts as far as those parts are concerned.

35

1    **2.14    General Instructions For Use During Trial — Recess Admonition**

2

3    **Model**

4        We are about to take [our first] [a] recess [and I remind you of the instruction I gave you
5    earlier]. During this recess and any other recess, you must not discuss this case with anyone,
6    including your fellow jurors, members of your family, people involved in the trial, or anyone else.
7    If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it
8    immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research
9    or investigation, including on the Internet]. Finally, remember to keep an open mind until all the
10   evidence has been received and you have heard the views of your fellow jurors.

11       If you need to speak with me about anything, simply give a signed note to [identify court
12   personnel] to give to me.

13       [I will not repeat these admonitions each time we recess or adjourn, but you will be reminded
14   of them on occasion.]

15   **Comment**

16       The instruction is derived from Fifth Circuit 2.1, Eighth Circuit 2.01 and Ninth Circuit 2.1.

17       Jurors should be reminded that they have duties and responsibilities even when not in court.
18   See, e.g., *United States v. Williams,* 635 F.2d 744 (8th Cir. 1980) (it is essential to a fair trial that the
19   jury be cautioned as to what conduct is permissible when not in court; an instruction is particularly
20   necessary before the jury separates at night when they will converse with friends and relatives or
21   possibly encounter trial publicity).

22       This instruction may be modified to be given at the beginning of the trial, as well as before
23   a recess. *See also* Instruction 1.3 (providing similar admonitions as part of a broader instruction at
24   the beginning of the case).

.

36

1   ## 3.1   General Instructions For Use At End of Trial — Deliberations

2

3   **Model**

4       When you retire to the jury room to deliberate, you may take with you [these instructions]
5   [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one
6   member of the jury as your foreperson. That person will preside over the deliberations and speak for
7   you here in open court.

8       You have two main duties as jurors.  The first one is to decide what the facts are from the
9   evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and
10  nothing that I have said or done during this trial was meant to influence your decision about the facts
11  in any way.

12      Your second duty is to take the law that I give you, apply it to the facts, and decide if, under
13  the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you
14  about the law, and you are bound by the oath that you took at the beginning of the trial to follow the
15  instructions that I give you, even if you personally disagree with them.  This includes the instructions
16  that I gave you before and during the trial, and these instructions.  All the instructions are important,
17  and you should consider them together as a whole.

18      Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel
19  toward one side or the other influence your decision in any way.

20      As jurors, you have a duty to consult with each other and to deliberate with the intention of
21  reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial
22  consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the
23  course of your deliberations, you should feel free to re-examine your own views and to change your
24  opinion based upon the evidence. But you should not give up your honest convictions about the
25  evidence just because of the opinions of your fellow jurors. Nor should you change your mind just
26  for the purpose of obtaining enough votes for a verdict.

27      When you start deliberating, do not talk to the jury officer, to me or to anyone but each other
28  about the case.  If you have any questions or messages for me, you must write them down on a piece
29  of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them
30  to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have
31  asked, so it may take some time to get back to you.

32      One more thing about messages.  Never write down or tell anyone how you stand on your
33  votes.  For example, do not write down or tell anyone that a certain number is voting one way or
34  another.   Your votes should stay secret until you are finished.

37

1        Your verdict must represent the considered judgment of each juror.  In order for you as a jury
2    to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

3        A form of verdict has been prepared for you.  It has a series of questions for you to answer.
4    You will take this form to the jury room and when you have reached unanimous agreement as to your
5    verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to
6    the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not
7    reveal your answers until you are discharged. After you have reached a verdict, you are not required
8    to talk with anyone about the case unless I order you to do so.

9        Once again, I want to remind you that nothing about my instructions and nothing about the
10   form of verdict is intended to suggest or convey in any way or manner what I think your verdict
11   should be.  It is your sole and exclusive duty and responsibility to determine the verdict.
12

## Comment

14        The instruction is derived from Fifth Circuit 2.11 and 2.12, Eighth Circuit 3.06,  Ninth
15   Circuit 4.1, and the instruction used in the District of Delaware.  The part of the instruction
16   concerning unanimity may be altered if the parties consent to a non-unanimous verdict. *See*
17   Fed.R.Civ.P. 48.

38

1    **3.2    General Instructions For Use At End of Trial — Number of Witnesses**

2

3    **Model**

4        The weight of the evidence to prove a fact does not necessarily depend on the number of
5    witnesses who testify. What is more important is how believable the witnesses were, and how much
6    weight you think their testimony deserves.

7    **Comment**

8        See Instruction 1.7, where this instruction is included as an alternative to be given as part of
9    a general instruction on credibility of witnesses at the beginning of the case.

10        This instruction is not to be given routinely, but it might be given, on request, when there is
11    a disproportionate number of witnesses on one side of the case.

39

1  **3.3    General Instructions For Use At End of Trial — Read-Backs of Trial**
2  **Testimony**

3  **Model**

4      At your request, I have decided to have [a transcript of ] [describe the testimony] read
5  [provided] to you in order to assist you in your deliberations. I remind you that you must focus on
6  all of the testimony and evidence presented at the trial. You may not give undue weight to the
7  testimony that is read back to you [provided to you].

8  **Comment**

9      The instruction contains a bracketed alternative for allowing the jury to receive a transcript
10  of the testimony that the jurors request to re-hear. On allowing read-backs and transcripts of
11  testimony, *see United States v. Bertoli*, 40 F.3d 1384, 1400 (3d Cir. 1994), where the court stated
12  that two concerns may arise when a jury requests a read-back of testimony:

13      (1) such requests may slow the trial when the requested testimony is lengthy; (2) if read only
14      a portion of testimony, the jury may give undue weight to that portion.

15  The *Bertoli* court held, however, that "unless a trial court's refusal to read back testimony is
16  supported by one of these two concerns, a trial judge abuses his discretion by denying the [jury's]
17  request." The *Bertoli* court further held that a trial court is within its discretion in providing a
18  transcript of the requested testimony. The *Bertoli* court suggested that any transcript or read-back
19  should be accompanied by an instruction "to focus on the entire testimony and evidence." *Id.* at
20  1401.

40

1    **2.6   General Instructions For Use During Trial — Use of Interrogatories**

2    **Model**

3         You will now hear [have heard]  answers that [name of party] gave in response to written
4    questions submitted by the other side.  The written questions are called "interrogatories." The written
5    answers were given in writing and under oath, before the trial.

6         You must consider [name of party]'s answers to interrogatories in the same manner as if the
7    answers were made from the witness stand.

8    **Comment**

9         The instruction is derived from Ninth Circuit 2.13.

10        This instruction should be used before the interrogatories are read to the jury. It can be
11   modified to be given again at the close of the evidence. The instruction is not appropriate if the
12   answers to the interrogatories are used for impeachment only. *See* Fed.R.Civ.P. 33.

13        This instruction should not be used for requests for admission under Fed.R.Civ.P. 36. The
14   effect of a request for admission is conclusive as to the fact admitted.

1    **3.4   General Instructions For Use At End of Trial — Deadlock**

2    **Model**

3          It is your duty as jurors to consult with one another and to deliberate with a view toward
4    reaching an agreement, if you can do so consistent with your individual judgments. Each of you must
5    decide the case for yourself, but you should do so only after a consideration of the case with your
6    fellow jurors, and you must be open to their opinions.  You should not be influenced to vote a certain
7    way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain
8    way. In other words, you should not surrender your honest convictions concerning the effect or
9    weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions
10   of the other jurors.

11         In the course of your deliberations you should not hesitate to reexamine your own views, and
12   to change your opinion if you are convinced that those views are  wrong. To reach a unanimous
13   result you must examine the questions submitted to you openly and frankly, with proper regard for
14   the opinions of others and with a willingness to reexamine your own views.

15         Remember that you are not partisans; you are judges — judges of the facts. Your only interest
16   is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the
17   weight of the evidence.

18         If you should fail to agree on a verdict, the case is left open and must be resolved at a later
19   time. There is no reason to think that another trial would be conducted in a better way or that a
20   different jury would decide it any better. Any future jury must be selected in the same manner and
21   from the same source as you.

22         We try cases to dispose of them and to reach a common conclusion if it is consistent with the
23   conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you
24   are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with
25   a view to reaching a common conclusion, if you can. You may take all the time that you feel is
26   necessary.

27         I remind you that in your deliberations you are to consider the instructions I have given you
28   as a whole. You should not single out any part of any instruction, including this one, and ignore
29   others. They are all equally important.

30         You may now retire and continue your deliberations.

41

1   **Comment**

2       The instruction is derived from Eighth Circuit 3.07 and Ninth Circuit 4.6.

3       An instruction encouraging a deadlocked jury to reach a verdict should be given with great
4   caution. Such an instruction was approved in *Allen v. United States,* 164 U.S. 492 (1896). But "Allen"
5   charges often have been criticized as coercive and as an unwarranted intrusion upon the province of
6   the jury.

7       Note that the model instruction does not specifically encourage those jurors in the minority
8   to reconsider their views or distrust their judgment. An instruction to that effect has been declared to
9   be prohibited in the Third Circuit. *See United States v. Fioravanti,* 412 F.2d 407, 418 (3d Cir. 1969)
10   ("in this circuit, trial judges are not to give instructions either in the main body of the charge or in the
11   form of a supplement that direct a juror to distrust his own judgment if he finds a large majority of
12   the jurors taking a view different from his. Such an instruction will be deemed error, normally
13   reversible error."). While it has been held that the prohibition on instructions targeted at the minority
14   of jurors is limited to criminal cases, *see Cary v. Allegheny Techs., Inc.,* 267 F.Supp.2d 442 (W.D.Pa.
15   2003), the danger of coercion in such a charge cautions against its use even in civil cases.

42